William J. Regan, S.
This is a judicial settlement proceeding to judicially settle the accounts of Sarah R. Dankner, as administratrix of the estate of Hyman N. Dankner. The deceased,. Hyman N. Dankner, died on January 16, 1975, leaving him surviving his widow, Sarah R. Dankner, and three children, all of full age, including a son, William Dankner. Sarah R. Dankner was appointed administratrix by this court on January 23, 1975.
*1082 William Dankner filed with this court a renunciation of his intestate share on or about July 8, 1975, giving formal notice of said renunciation to the administratrix and to his two sisters, being all the parties who would succeed to his renounced share. William Dankner also gave notice of his renunciation to the respondent, Thomas M. Donovan, as the duly appointed trustee of his bankrupt estate. A petition was filed by William Dankner prior to the death of the decedent, Hyman N. Dankner, in United States "District Court for the Western District of New York, requesting that he be adjudged a bankrupt.
It is conceded by the parties hereto that the renunciation of William Dankner was properly made and filed as mandated by EPTL 4-1.3, which provides that a person may renounce his intestate interest in an estate.
The issue raised by this renunciation is whether or not William Dankner, by virtue of his bankruptcy petition, was able to renounce his intestate share. The respondent maintains that any assets coming into the hands of the bankrupt within six months from the time he was bankrupt belong to the bankrupt estate and therefore the alleged renunciation by William Dankner is invalid by reason of the bankruptcy proceeding pending at the time the renunciation was made.
The instant proceeding is apparently one of ’first impression since the enactment of EPTL 4-1.3. Section 4-1.3 states that a renunciation of an intestate share has the same effect with respect to the renounced share as though the renouncing person had predeceased the decedent. The section further provides that the renunciation is retroactive to the date of the decedent’s death.
The Bennett Commission on Estates (1962-1965), in considering the adoption of statutory authority for the renunciation of an intestate share, considered the rights of creditors and/or a trustee in bankruptcy with regard to such renunciation. The Bennett Commission reviewed in detail the status of the law in the State of New York regarding renunciations of a beneficiary under a will, and concluded that such a renunciation by virtue of its retroactive effect, is effective against creditors and/or a trustee in bankruptcy. In Rohan’s New York Civil Practice (vol 9, EPTL, par 4-1.3, subd [4]), the author states: "The majority rule among the states permits a legatee or devisee to renounce and thereby defeat the ability of his creditors and trustee in bankruptcy to get the benefit of the *1083 assets * * * New York appears to be among the majority of states that permits such tactics to succeed”.
Prior to the enactment of EPTL 4-1.3, renunciation could be had only of a legacy or a bequest. A beneficiary or legatee always had an absolute right under a will to accept or renounce a gift thereunder. Of course a beneficiary or a legatee could not renounce once he had accepted, or partially accepted, the gift or bequest passing to him under the will. The cases hold that a renunciation of such a gift is retroactive to the date of the death of the testator so that the result of said retroactivity is that there was never a gift made in the first instance. The reasoning was that a bequest or gift was nothing more than an offer which the legatee or devisee was free to accept or reject. A testamentary gift, once rejected, is treated as though no gift was ever made, so that judgment creditors of the renouncing party could be properly excluded from benefiting from the proceeds of said gift.
Under common law an intestate share could not be disclaimed or renounced because it was deemed that title in the inheritance vested automatically by operation of law without regard to the wishes or desires of the distributees. (Matter of Deitz, 196 Mise 893; New York Trust Co. v Halkin, 68 NYS2d 404.) The distinction between testate and intestate renunciation was altered in 1964 by the enactment of section 87-a of the former Decedent Estate Law, and became effective June 1, 1965. This section has since been recodified and is now EPTL 4-1.3. The Legislature obviously enacted said provision to grant to distributees substantially the same rights of renunciation which were afforded to legatees and beneficiaries.
A renunciation of an intestate share or of a testate share is made retroactive to the date of death of the deceased, and therefore must be treated as if no inheritance or gift ever passed or vested to the person renouncing. The gift must therefore be free of any claim of creditors, assignees or trustees in bankruptcy.
The trustee cites 1938 amendment to the bankruptcy law (US Code, tit 11, § 110, subd [a]), which reads in part as follows: "All property, wherever located, except insofar as it is property , which is held to be exempt, which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance shall vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, *1084 and shall be free and discharged from any transfer made or suffered by the bankrupt after bankruptcy.”
If the Legislature did not enact EPTL 4-1.3, the common-law rule would have prevailed and the inheritance of the bankrupt would have vested in the bankrupt as of the date of death of the deceased, said interest of the bankrupt thereby vesting in the trustee for the bankrupt. However, the enactment of EPTL 4-1.3 permitting a renunciation and making said renunciation retroactive to the date of death of the deceased, effectively precludes in New York State the interest of the distributee from vesting in the trustee. It would appear that either the Bankruptcy Act or Federal or State legislation would have to be enacted in order to protect the rights of creditors and/or trustees.
EPTL 4-1.3 does not, furthermore, authorize a creditor and/ or a trustee in bankruptcy to petition to have a renunciation vacated. If the Legislature had desired to protect the interest of the creditors and/or trustee in bankruptcy, it is reasonable to assume that legislation would have been enacted to provide such protection.
It is the decision of this court, therefore, that William Dankner is a distributee of Hyman N. Dankner and has validly renounced his intestate share of said estate; that the renunciation is retroactive to the date of death of Hyman N. Dankner; and that no property of Hyman N. Dankner ever vested in William Dankner by virtue of his renunciation. The accounting submitted by Sarah R. Dankner, as administratrix of Hyman N. Dankner, is accepted as filed, and the application of Thomas M. Donovan, as trustee in bankruptcy of William Dankner, is denied, he having no interest in the renounced share.